Shackelford, J.,
delivered the opinion of the Court.
This is an action brought by the plaintiff in error, against defendant, for a breach- of covenant. It'appears defendant sold to plaintiff, a house and lot in Shelbyville, for $4,125, taking his notes, payable at a future day. Defendant gave his bond for title, with covenants of warranty, upon the payment of the pur *256 chase money. Judgments were obtained by the defendant on the notes, and on the 17th May, 1860, plaintiff in error paid the balance of purchase money. On 21st of May, 1860, plaintiff tendered a deed, in conformity with the bond, to defendant, and requested its execution. The defendant expressed a willingness to execute it — said he would be in town the Saturday following and fix it up — plaintiff in érror leaving the impression on defendant at that time, that if executed in a reasonable time, he would be satisfied— to use the language of the witness.-
He told Davidson, that Jourdan said to him, he did not understand Davidson to be in a hurry for him to execute the deed, and that he acted under that impression, and had not executed the deed at that time; and that Davidson did not deny that Jourdan was under that impression, from what passed. The defendant came to town on the following Saturday, to see his attorneys — one was sick, the other absent on professional business. On the 6th of July, 1860, a deed was prepared and executed by defendant, in pursuance of the bond, which was tendered by the defendant in error on that day, and refused; the plaintiff in error remarking, it came too late. The breaches averred in the declaration on the covenant, are, the defendant did not, on the day the deed was tendered to him, execute the same; nor did he, on the Saturday following, after the deed had been prepared, keep and perform his covenant; to which defendant plead, “covenant performed,” and that he did, on the 6 th of July, 1860, prepare and execute, and tender, a deed in *257 conformity to the’ bond, before the bringing of the suit. The suit wa3 brought on the 18th of July, 1860. A judgment was rendered for defendant, from which the plaintiff in error has appealed to this Court. There is no serious objection urged to the charge of the Court. The Court charged the jury, it was incumbent on the defendant in error, to execute a deed, in pursuance of the bond, on payment of the purchase money, when tendered to him; and if, before the institution of the suit, the defendant executed a deed in conformity with the bond, and tendered it to plaintiff, it was a bar to the suit; and if, in fact, he had not executed and delivered a deed in a reasonable time after the payment of t’ne purchase money by plaintiff, yet he might waive his right of action for such delay, on condition that defendant would then make him a deed; and that then, in accordance with the agreement, he did prepare and sign a deed and tender it to the plaintiff, in pursuance of the contract, and before the institution of the suit, it was a good defense to the action. This is the substance of the charge.
After the charge, and before the jury retired, the plaintiff asked the Court to instruct the jury: “If Jourdan had the deed tendered to him on the 21st of May, 1860, and he said he would be in town next Saturday and fix it, that was fixing the day on his own time; and if he failed to comply at that time, he forfeited his bond, and the plaintiff’s right of action accrued on the bond,” which the Court refused, leaving it to the jury to say what was reasonable time.
*258 It is insisted the Court erred in refusing to give the instructions, and in not granting a new trial. The case of Shaw and others vs. Williams and others, 8 Hum., is cited and relied upon as an authority, controlling the principle of this. In that case, the party executing the agreement, had no title to the land, agreed to be conveyed, and bound himself on a certain day specified, to make a good and sufficient title, with covenants of warranty, etc. It is a well settled principle, when the party binds himself to execute a deed, on a certain day, specified in the agreement or covenant, and no concurrent act is to be done or "performed by the vendee, the vendor must, at his peril, tender the deed within the time limited. If he fail to do so, the right of action accrues without demanding a deed: 8 Hum., 652. In the covenant in this suit, the payment of the money was a condition precedent; that being done, the defendant was bound to execute a deed, upon its being tendered to him, made in pursuance of the bond. The agreement of the parties, subsequently made, when the plaintiff in error tendered the deed and requested its execution, and the promise of the defendant to fix it up on the following Saturday, did not bring the case within the principle of Shane vs. Williams. The agreement to postpone the execution of the deed, and the promise of the defendant to fix it up,. was a waiver of the right of action, resulting from the tender thus made; and the execution of the deed prepared in pursuance of the bond, once tendered before the ‘institution of the suit, was a good defense. It *259 is manifest from the proof, the plaintiff created the impression on the mind of defendant, he could in a reasonable time, execute the deed. These facts were properly left to the jury under the charge of the Court.
There is no error in the charge of the Court, or in refusing the instruction.
The judgment will be affirmed.